UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| GREGORY WOLFE, | ) |
| Petitioner, | ) ) ) |
| vs. | ) No. 2:17-cv-00317-WTL-MJD ) |
| BRIAN SMITH, | ) ) ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Gregory Wolfe for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISR 17-02-0092. For the reasons explained in this Entry, Mr. Wolfe's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On February 3, 2017, Officer A. Long wrote a conduct report charging Mr. Wolfe with A-121, possession of a cellular device. The conduct report states:

> On 2-3-17 [at] approximately 700 pm I A Long was conducting a search of Offender Wolfe Gregory #238354 Bed Area[.] While searching I found a Black AT&T cellphone and cellphone charger in a book underneath the beds of OSD 2-33 and 2-34.

The report also indicates: "Placed in DHB room for evidence."

Wolfe was notified of the charge and was served with a copy of the screening report on February 22, 2017. The report indicates he was unable to sign, apparently because he was in a restricted housing cell. Mr. Wolfe was notified of his rights and pleaded not guilty. He requested a lay advocate and one was appointed on March 13, 2017. He requested one witness, Gary Gray, and he requested a "video review." Gray provided a written statement, "I know nothing about this incident." The disciplinary hearing officer ("DHO") reviewed the video from February 3, 2017, and completed a written video evidence review that stated: "On 2.3.17 at approximately 1900 your (Wolfe, Gregory #238354) housing unit can be seen being searched."

After four postponements, a disciplinary hearing was held in case ISR 17-02-0092 on March 13, 2017. Mr. Wolfe pleaded not guilty and provided the following statement: "It wasn't mine. I had just got to that camp." The DHO found Mr. Wolfe guilty of possession of cellular device. The DHO considered the staff report and Mr. Wolfe's statement. The reasons for the DHO's decision was "H/O finds conduct to be true and factual." Due to the likelihood of sanction having a corrective effect on Mr. Wolfe's future behavior, the DHO imposed the following sanctions: a written reprimand, 30-day loss of jpay privileges, a suspended 180-day loss of ECT, and demotion in credit class from class 1 to class 2.

Mr. Wolfe appealed the disciplinary action to the Superintendent on March 14, 2017. The appeal was denied on March 27, 2017. Mr. Wolfe then appealed to the final reviewing authority for the DOC on April 10, 2017, and the reviewing authority denied his appeal on April 20, 2017.

**C.     Analysis**

Mr. Wolfe challenges the disciplinary action against him arguing that he was denied video evidence, that the evidence was insufficient to sustain his conviction, and that he was denied a lay advocate.

1. *Denial of Evidence*

Mr. Wolfe argues that he was denied his request for a video review of the day of the search. The respondent argues that this claim is procedurally defaulted and he therefore cannot raise it now.

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Indiana Department of Correction Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent Petition for Writ of Habeas Corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The respondent argues that Mr. Wolfe failed to exhaust the administrative appeals process, and because the time to complete such administrative appeals process has passed, no relief can be given under the habeas corpus doctrine.

Mr. Wolfe's appeal states:

> I was not in possession of a cellphone or charger. I know nothing about it. It states that it was found under bunks 2-33 and 2-34. I was at work all day and have no knowledge of the violation. Other evidence states that it was found in a pair of boots. I was wearing my boots. There were also errors in the write up. It says nothing about any identification of the accused offender, or that I as identified by state I.D. It also states that the incident occurred at 700 pm, military time. There is no 700 pm. It would have to be am, but the incident occurred at 1900 pm. I was also give the pink copy of my writeup [sic]. I was supposed to receive the white

copy. The bottom line is though, I had nothing to do with this. I worked hard and made many changes to get to a level 1. Please overturn this so that I may get back there. Thank you.

Mr. Wolfe did not raise a claim that he was denied video evidence in his administrative appeal. He also does not argue good cause for the default and prejudice resulting from it. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004) (petitioner must show good cause and prejudice to overcome procedural default). This claim is therefore defaulted and Mr. Wolfe cannot raise it here.

### 2. *Sufficiency of the Evidence*

Mr. Wolfe also argues that he evidence was insufficient to support the disciplinary conviction.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Wolfe argues that the boots were found in a common area to which many inmates had access and that the respondent did not sufficiently investigate the charges by determining

whether the boot in which the phone was found belonged to him and whether the phone contained any information connected to him.

Mr. Wolfe has failed to show that the evidence against him was insufficient. It is undisputed that the phone was found in a boot under his bed – an area that it is safe to assume he controlled. While the hearing officer could have reached a different conclusion, the Court cannot find that there was no evidence to support the conclusion that the hearing officer reached. It was therefore not arbitrary for the hearing officer to find that Mr. Wolfe possessed the phone. *Ellison*, 820 F.3d at 274. To the extent that Mr. Wolfe argues that a more extensive investigation into the boots and the phone should have been performed, this does not support a conclusion that the evidence that was presented was insufficient. Mr. Wolfe did not request the phone or the boots as evidence and there is no evidence that the hearing officer ignored exculpatory evidence. *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003). Mr. Wolfe is therefore not entitled to habeas relief on this basis.

### 3. *Lay Advocate*

Mr. Wolfe also argues that he was denied a lay advocate. The respondent argues that this claim is procedurally defaulted because Mr. Wolfe did not raise it in his administrative appeals. Because he did not raise it, he cannot raise it in this habeas petition. *Eads*, 280 F.3d at 729. Even if this claim were not procedurally defaulted, it would still fail because a violation of a state policy – like that allowing a lay advocate – does not rise to the level of a due process violation to provide a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008).]

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Wolfe to the relief he seeks. Accordingly, Mr. Wolfe's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 6/28/18

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

GREGORY WOLFE
238354
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov